UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL SMITH, B64568,

    Petitioner,

v.

TERI KENNEDY, Warden,
Pontiac Correctional Center,

    Respondent.

No. 19 C 0027

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Pro se petitioner Paul Smith seeks a writ of habeas corpus. The Warden moved to dismiss Smith's petition as untimely [R. 12]. For the following reasons, the Warden's motion is granted and the Court declines to issue a certificate of appealability.

**Background**

In 2008, Smith was convicted in Illinois state court of aggravated battery with a firearm and being an armed habitual criminal. R. 1 at 1. Smith was sentenced to 60 total years in prison. *Id.* The appellate court affirmed Smith's convictions on June 4, 2010 and Smith did not file a petition for leave to appeal (PLA). *Id.* at 4.[1]

---

[1] Smith asserts that the appellate court affirmed his conviction on August 11, 2010. The correct date is June 4, 2010. *See People v. Smith*, No. 3-08-0408 (Ill. App. Ct. 2010). As discussed later, this discrepancy does not change the outcome of the Warden's motion to dismiss.

On December 6, 2010, Smith filed a petition for post-conviction relief.[2] The trial court dismissed Smith's petition in 2014, and the appellate court affirmed on June 7, 2016. *Id.* at 3. Smith did not file a PLA. *Id.*

Smith also filed three petitions for relief from judgment while his post-conviction petition remained pending. He filed the first petition on October 16, 2014, which he then withdrew on November 17, 2014. *See* R.12-3 at 2; R. 12-2 at 36. He filed the second petition on February 13, 2015, which the trial court dismissed on February 27, 2015. R. 20 at 5. Smith filed the third petition on November 17, 2015, which the trial court dismissed because the appeal of his second relief-from-judgment petition was still pending. R. 12-2 at 39. Smith voluntarily dismissed the third petition on February 3, 2016. R.12-4 at 1. The appellate court affirmed dismissal of the second petition on September 14, 2017, concluding that Smith failed to properly serve the State. *Id.*; *People v. Smith*, 84 N.E.3d 591, 595 (Ill. App. Ct. 2017).

On July 25, 2016, Smith filed a motion for leave to file a successive post-conviction petition. R. 20 at 5. The trial court denied Smith's motion and the appellate court affirmed. The Illinois Supreme Court denied Smith's PLA on November 28, 2018, and Smith's motion for reconsideration was denied on February 15, 2019. *Id* at 6.

Smith filed his habeas petition on January 2, 2019. Smith's petition appears to include the following claims: (1) the State's knowing use of perjured grand jury

---

[2] The parties dispute whether Smith filed the petition on December 6, 2010 or December 9, 2010. The discrepancy does not change the outcome of the Warden's motion, and the Court uses Smith's date here.

testimony; (2) the trial court's restriction of Smith's ability to cross-examine a state witness; (3) ineffective assistance of counsel during various stages of his state court proceedings; (4) the State's failure to give notice that it intended to seek an enhanced sentence; and (5) the trial court's improper consideration of a prior conviction that did not exist during sentencing. R. 1 at 4-7; R. 20 at 10-11.

## Analysis

### I. Untimely Filing of Habeas Petition

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking federal habeas corpus relief to file his petition within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] The statute also provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" shall not be counted toward the one-year limitations period. 28 U.S.C. § 2244(d)(2); *see also Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). State law determines whether an application is pending for habeas purposes. *Wilson* 302 F.3d at 747.

Smith's conviction became final on July 9, 2010, 35 days after he chose not to file a PLA with the Illinois Supreme Court. *See* Ill. Sup. Ct. R. 315 (providing for a 35-day deadline to file a PLA). The limitations period subsequently ran for 149 days until December 6, 2010, when Smith filed his petition for post-conviction relief.

---

[3] 28 U.S.C. § 2244(d)(1)'s other subsections do not apply here.

3

Smith's post-conviction petition tolled the statute of limitations until July 12, 2016, the last day he could have filed a PLA after the appellate court affirmed the trial court's dismissal (which he did not do). The limitations period began running again on July 13, 2016 and expired 216 days later on February 14, 2017. Smith did not file his habeas petition until January 2, 2019, 687 days after the permitted statutory period.

Smith contends that the appellate court affirmed his conviction on August 11, 2010 (the date the mandate issued), not June 4, 2010 (the date the decision was entered). As an initial matter, "a judgment of an Illinois court of review is final on the day on which it is entered and not the date that the mandate issues." *United States ex rel. Mueller v. Lemke*, 20 F. Supp. 3d 659, 665 (N.D. Ill. 2014) (citing *Wilson*, 302 F.3d at 747). But even accepting Smith's later date, his habeas petition would still fall outside the permitted statutory filing period by more than a year. Accordingly, Smith's habeas petition is untimely.

Smith's other collateral actions do not change this result. Smith filed and withdrew his first and third petitions for relief from judgment while his petition for post-conviction relief remained pending, and thus they did not affect the already tolled limitations period. Smith's second petition similarly did not toll the limitations period because it was improperly filed. *See People v. Smith*, 84 N.E.3d at 595 (affirming dismissal of Smith's petition on jurisdictional grounds and vacating trial court's findings on the merits because Smith did not properly serve the State); *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000) ("If [state courts] considered the

4

claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed."). Nor did Smith's unsuccessful motion for leave to file a successive post-conviction petition stop the clock. *See Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) ("we have clearly held that where state law requires pre-filing authorization—such as an application for permission to file a successive petition—simply taking steps to fulfill this requirement does not toll the statute of limitations. Instead the second petition tolls the limitations period only if the state court grants permission to file it.") (internal citations omitted). And to the extent Smith's habeas petition relies on the state court's denial of his motion for leave to file a successive post-conviction petition, that claim is not cognizable under 28 U.S.C. § 2254. *See U.S. ex rel. Topps v. Chandler*, 2013 WL 1283812, *6-7 (N.D. Ill. Mar. 26, 2013) ("[Petitioner's] claims arising from his successive post-conviction proceedings fail because they are not cognizable under 28 U.S.C. § 2254."). Therefore, absent equitable tolling, Smith's habeas petition is untimely.

## II. Equitable Tolling

To qualify for equitable tolling, Smith bears the burden of showing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling is granted sparingly" only when "extraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *Wilson*, 302 F.3d at 749

(alteration in original) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

Smith argues that he has diligently pursued his rights but does not point to any extraordinary circumstance (and the Court discerns none) that prevented him from timely filing his petition. Although Smith alleges various issues with his counsel during state-court proceedings, he does not explain why those issues prevented him from timely filing his federal petition. Indeed, neither Smith's petition nor his responses to the Warden's motion suggest he ever had a conversation with his attorneys about filing his habeas, and Smith does not explain what prevented him from filing until nearly two years after the statutory deadline. Generously construed, it appears that Smith may have believed his unsuccessful motion for leave to file a successive post-conviction petition tolled the statute of limitations. "Lack of familiarity with the law, however, is not a circumstance that justifies equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) (citing *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008)). Accordingly, Smith is not entitled to equitable tolling and his petition is untimely.

### III. Certificate of Appealability

The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the Court dismisses a petition on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling." *U.S. ex rel. Topps v. Chandler*, 2013 WL 1283812, at *9 (quoting *Slack v. McDaniel*, 529 U.S. 473, 485 (2000)). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* (quoting *Slack*, 529 U.S. at 484). For the reasons discussed, Smith's habeas petition is clearly time-barred. Accordingly, the Court denies certification of Smith's claim for appellate review.

## Conclusion

For the reasons stated above, the Warden's motion [12] is granted, Smith's habeas petition is dismissed, and the Court declines to issue a certificate of appealability.

ENTERED:

*Thomas M Durkin*

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: November 25, 2019